IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEVE EDWARDS, ID # 28703-077, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:07-CV-1341-B (BH) |
| | ) | ECF |
| REBECCA TAMEZ, | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

Petitioner is a federal prisoner incarcerated in FCI Fort Worth who challenges his federal conviction in *United States v. Edwards*, No. 3:96-CR-071-H (09) (N.D. Tex.) pursuant to 28 U.S.C. § 2241. Petitioner names Rebecca Tamez as respondent.

A jury found Petitioner guilty of conspiring to distribute narcotics in violation of 21 U.S.C. §§ 841(a)(1) and 846. On December 16, 1996, the Court sentenced him to 240 months imprisonment. The court of appeals thereafter affirmed his conviction. On March 1, 2000, the Court denied Petitioner's motion to vacate his conviction filed pursuant to 28 U.S.C. § 2255.

On August 2, 2007, this Court received the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a supporting memorandum wherein Petitioner claims that he was sentenced in violation of the Constitution. Petitioner asserts that he may pursue his claims under § 2241 through the "savings clause" of 28 U.S.C. § 2255 because § 2255 is inadequate and ineffective to test the legality of his detention. He claims that, in light of *Zedner v. United States*, 126

S. Ct. 1976 (2006), the Court violated his right to a speedy trial. He further claims that he is actually innocent of the offense for which he was found guilty. The Court has not yet ordered an answer to the § 2241 petition.

## II. JURISDICTION UNDER § 2241

Section 2241(a) provides district courts the power to grant a writ of habeas corpus to remedy a petitioner's restraint of liberty in violation of the constitution, treaties, or laws of the United States. *United States v. Hayman*, 342 U.S. 205, 211-12 & n.11 (1952). "Habeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). While § 2255 provides the primary means to collaterally attack a federal sentence and is the appropriate remedy for "errors that occurred at or prior to the sentencing," § 2241 is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Padilla v. United States,* 416 F.3d 424, 425-426 (5th Cir. 2005) (internal quotations and citations omitted). The remedy afforded under § 2241 is "no different" from the scope of remedy afforded under § 2255. *Kinder*, 222 F.3d at 214. However, a petition filed under § 2241 "is not . . . a substitute for a motion under § 2255." *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

A § 2241 petition that seeks to challenge the validity of a federal sentence, *i.e.*, by attacking errors that occurred at trial or sentencing, must either be dismissed or construed as a § 2255 motion. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). However, if a petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his or her detention,

a § 2241 petition that attacks custody resulting from a federally imposed sentence may be enter-

tained under the "savings clause" of § 2255. *Padilla*, 416 F.3d at 426. That clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized
> to apply for relief by motion pursuant to this section, shall not be entertained if it
> appears that the applicant has failed to apply for relief, by motion, to the court which
> sentenced him, or that such court has denied him relief, unless it also appears that
> the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. "[T]he burden of coming forward with evidence to show the inadequacy or

ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers*, 253 F.3d at 830.

The case law is clear that "the inadequacy or inefficacy requirement is stringent." *Reyes-Requena v.*

*United States*, 243 F.3d 893, 901 (5th Cir. 2001). If a petitioner who has filed a § 2241 petition fails

to show § 2255 to be inadequate or ineffective, then the Court lacks jurisdiction to consider the §

2241 petition. *See Christopher v. Miles*, 342 F.3d 378, 379 (5th Cir. 2003) (remanding a case for dis-

missal for lack of jurisdiction when the petitioner failed to show § 2255 inadequate or ineffective).

Utilization of § 2241 instead of § 2255 is limited to very specific situations, and a petitioner

seeking relief under the savings clause of § 2255 must demonstrate three things:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the
> Supreme Court decision establishes that he was 'actually innocent' of the charges
> against him because the decision decriminalized the conduct for which he was con-
> victed; and (3) his claim would have been foreclosed by existing circuit precedent
> had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher*, 342 F.3d at 382; *accord Padilla*, 416 F.3d at 426. One may not utilize § 2241 merely to

avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or

restriction on filing second or successive motions to vacate. *See Pack*, 218 F.3d at 453 (holding that

neither a limitations bar nor successiveness make § 2255 ineffective or inadequate); *Tolliver v. Dobre*,

211 F.3d 876, 878 (5th Cir. 2000) (holding that successiveness does not make § 2255 ineffective or inadequate). As the Fifth Circuit noted in *Pack*,

> [t]o hold otherwise would flout Congress's obvious intent to give meaning to these procedural requirements. A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions.

218 F.3d at 453.

In this case, Petitioner relies upon *Zedner* to invoke the savings clause of § 2255. Petitioner, however, provides no authority for finding that the Supreme Court has made *Zedner* retroactively applicable to cases on collateral review, and the Court has found no such authority. Although Petitioner asserts that he is actually innocent of the crime for which he has been convicted, he does not demonstrate that he was convicted of a nonexistent offense. *Zedner* does not establish that Petitioner was actually innocent of the charge against him or decriminalize the conduct for which he was convicted. Consequently, petitioner has failed to carry his burden to show § 2255 is ineffective or inadequate so that he can pursue his claims under § 2241. *See Fowler v. Jeter*, No. 4:06-CV-610-Y, 2006 WL 3690415, at *2 (N.D. Tex. Dec. 12, 2006) (order adopting recommendation of magistrate judge that considered the propriety of a § 2241 petition based upon *Zedner*).

In light of such failure, the Court must either construe the action as arising under § 2255 or dismiss it. *See Pack*, 218 F.3d at 452. Because neither the Supreme Court nor the Fifth Circuit has made *Zedner* retroactively applicable on collateral review, and because the Fifth Circuit has not granted Petitioner authorization to file a successive motion to vacate, the Court lacks jurisdiction to construe the instant petition as a motion to vacate under 28 U.S.C. § 2255. *See Hooker v. Sivley*,

187 F.3d 680, 681-82 (5th Cir. 1999) (per curiam) (holding that "the district court lacked juris-diction to construe [a § 2241] petition as a § 2255 motion because [the petitioner] had not received prior authorization from [the court of appeals] to file a successive § 2255 motion"). Accordingly, this action should be dismissed for lack of jurisdiction. *See Christopher*, 342 F.3d at 379 (remanding a case for dismissal for lack of jurisdiction when the petitioner failed to show § 2255 inadequate or ineffective).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court **DISMISS** Petitioner's applica-tion for habeas corpus relief brought pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.

**SIGNED this 30th day of November, 2007.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recom-mendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE